UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEVON STERLING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01533-JMS-MG |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Devon Sterling petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISR 18-10-0014. For the reasons explained in this Order, Mr. Sterling's habeas petition is **dismissed**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On September 27, 2018, Indiana Department of Correction (IDOC) Investigator W.C. Peterson wrote a Report of Conduct charging Mr. Sterling with violating IDOC Adult Disciplinary Code offense A-100, which makes violating any state or federal law a disciplinary code offense. Investigators alleged that on July 11, 2018, Mr. Sterling murdered inmate Ezekiel Jones, violating Indiana Code § 35-42-1-1. The Report of Conduct provides:

> On July 11. 2018 at approximately 9:57 a.m., the Office of Investigation and Intelligence was notified that Offender Jones, Ezekiel 160747 was stabbed in the neck. This incident occurred on the B-Block side of H-cell house in the area of the 6B range by the panel box. A review of the Pendleton Correctional Facility Video Surveillance System shows Offender Sterling making a stabbing motion with a homemade weapon at approximately 9:55 a.m. Offender Sterling can be seen walking away from the area where the attack occurred with some type of a home made weapon in his right hand. Offender Sterling left the area of the 6B range and proceeding down 5B range away from the area of the attack.

Dkt. 9-1 (errors in original). Offender Jones was taken to the prison infirmary and then transported by ambulance to a local hospital emergency room, but then airlifted to an Indianapolis hospital where he died from the stab wound. Dkts. 10 at 8-9 (report of investigation) & 11 (coroner report).

Mr. Sterling was notified of the disciplinary charge on October 3, 2018, when he was provided a copy of the conduct report and screening report. Dkt. 9-2. He pled not guilty, did not wish to present witnesses, and other than asking for the video recording, Mr. Sterling did not ask for physical evidence. *Id.*

A written video review was prepared which reported:

> I, Officer M. Breen, reviewed the camera footage for case ISR 18-10-0014. At approximately 9:55am, Offender Sterling can be seen exiting the 6B range. As soon as he steps through the gate, he makes a stabbing motion with a weapon in his right hand. He goes to make another stabbing motion, but pulls back. He then turns and walks away glancing back at his target with weapon in hand. He then proceeds to the 5B range.

Dkt. 9-4.

A disciplinary hearing officer (DHO) conducted the disciplinary hearing on October 9, 2018. Dkt. 9-3. Mr. Sterling invoked his Fifth Amendment right to remain silent and did not comment at the hearing other than stating he would be speaking to an attorney. *Id.* The DHO took into account Mr. Sterling's statement, the staff reports, and the video evidence. *Id.* He found Mr. Sterling guilty of violating a state law and imposed sanctions that included the loss of earned credit time. *Id.*

> Mr. Sterling appealed to the Facility Head with a three-sentence argument:
>
> Because he's not saying that I did anything. He just said he was finding me guilty and he didn't say why. I'm innocent.

Dkt. 9-5. The appeal was denied on November 20, 2018. *Id.* Mr. Sterling did *not* appeal this decision to the IDOC Final Reviewing Authority. Dkt. 9-6 at 13. On May 28, 2020, eighteen months after his facility-level appeal was denied, Mr. Sterling brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent has filed his return with exhibits showing that Mr. Sterling did not exhaust his available administrative appeals before filing his habeas corpus petition. Dkt. 9 at 6-8. Mr. Sterling did not file a reply.

**C.     Analysis**

In his petition, Mr. Sterling asserts seven grounds in support of habeas corpus relief. First, he argues that because he is being charged in Indiana state court with a criminal violation for the same conduct giving rise to the disciplinary action, that prison officials have violated his right to remain silent. Dkt. 1 at 3-4. Second, Mr. Sterling argues that he was denied the right to present evidence. *Id.* at 4. Third, Mr. Sterling argues that the DHO's decision was based solely on a conduct report and a "possible statement," which are not sufficient evidence to warrant a conviction of the disciplinary charge. *Id.* The fourth ground for relief Mr. Sterling argues is that because he is being charged in a prison disciplinary proceeding and a state criminal court case, his double jeopardy

3

rights are being violated. *Id.* at 4-5. Fifth, Mr. Sterling argues that because any statements he made during the disciplinary hearing could be used against him in the criminal case, his rights under the Fourteenth Amendment have been violated. *Id.* at 5. Sixth, Mr. Sterling argues that his due process rights were violated when he was not allowed to see the video recording of the incident and instead given only a written summary of the video evidence contents. *Id.* And seventh, in an argument flowing from his contention that his right to remain silent was violated, Mr. Sterling argues that the criminal prosecution should have been allowed to proceed and conclude before the disciplinary hearing so that his rights would not be infringed. *Id.* at 6. Nowhere in Mr. Sterling's petition does he present any argument or evidence that he exhausted his administrative remedies or, alternatively, that there exists cause and prejudice to excuse the procedural default.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). Because Mr. Sterling did not bring any appeal to the Final Reviewing Authority, none of the grounds for relief in his petition can be the basis for a grant of habeas corpus. Mr. Sterling makes no cause and prejudice argument. Therefore, Mr. Sterling's petition is **dismissed** for failure to exhaust his available administrative remedies. 28 U.S.C. § 2254(b).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no demonstrable arbitrary action in any aspect of the disciplinary proceedings because Mr. Sterling did not exhaust *any* ground for habeas corpus

relief in his available administrative appeals. Accordingly, Mr. Sterling's petition for a writ of habeas corpus is **dismissed**. Final judgment consistent with this Order shall now enter.

    **IT IS SO ORDERED.**

Date: 5/10/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Devon Sterling
195919
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

David Corey
Indiana Attorney General
david.corey@atg.in.gov